**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

David A. Tartaglio (State Bar No. 117232)
  *d.tartaglio@musickpeeler.com*

Robert G. Warshaw (State Bar No. 140184)
  *r.warshaw@musickpeeler.com*

Attorneys for Plaintiff
CPA MUTUAL INSURANCE COMPANY OF
AMERICA RISK RETENTION GROUP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CPA MUTUAL INSURANCE COMPANY OF AMERICA RISK RETENTION GROUP, a Vermont Corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |
| vs. | |
| KALLMAN + THOMPSON + LOGAN, LLP, a California Limited Liability Partnership; BRENDAN THOMPSON, an individual; MICHAEL THOMPSON, an individual; ALEXANDER HENRY LEVY, an individual; ENFANTS RICHES DEPRIMES, LLC, a Delaware Limited Liability Company, | **[DEMAND FOR JURY TRIAL]** **[PORTIONS REDACTED]** |
| Defendants. | |

MUSICK, PEELER
& GARRETT LLP

2003257.1

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

1   Plaintiff CPA Mutual Insurance Company of America Risk Retention Group
2   ("CPA Mutual") by and through its attorneys, Musick, Peeler & Garrett LLP, hereby
3   alleges and avers as follows by way of its Complaint against Defendants Kallman +
4   Thompson + Logan, LLP (now known as Kallman + Logan & Company LLP and
5   hereinafter referred to as "KLC"), Brendan Thompson, Michael Thompson,
6   Alexander Henry Levy and Enfants Riches Deprimes, LLC (collectively
7   "Defendants").

8

9   ## JURISDICTION AND VENUE

10  1.   This Court has original jurisdiction pursuant to 28 U.S.C. section 1332
11  in that there is complete diversity of citizenship between Plaintiff CPA Mutual and
12  Defendants and the amount in controversy exceeds $75,000, exclusive of interest and
13  costs and any claim for punitive damages, and an actual justiciable controversy exists
14  between Plaintiff and Defendants within the meaning of 28 U.S.C. section 201
15  regarding the scope and extent of insurance coverage provided under the CPA Mutual
16  Policy Number APLP10396-25 issued to KLC.

17  2.   Venue is proper in this District pursuant to 28 U.S.C. section 1391(a)
18  because Defendants reside in this District and/or pursuant to 28 U.S.C. section
19  1391(b) because a substantial part of the events or omissions giving rise to the claims
20  asserted herein occurred in this District.

21

22  ## NATURE OF THE ACTION

23  3.   This is an insurance coverage dispute in which Defendants KLC,
24  Brendan Thompson and Michael Thompson maintain they are entitled to defense and
25  indemnity from CPA Mutual in connection with cross-complaints filed in the matter
26  styled *Brendan Thompson v. Enfants Riches Deprimes, LLC, et al.*, Los Angeles
27  Superior Court Case Number BC715580, and the related and consolidated matter

28

MUSICK, PEELER
& GARRETT LLP

2

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

1  styled *Kallman + Thompson + Logan LLP v. Elavon, Inc., et al.*, Los Angeles
2  Superior Court Case Number 19STCV06149 (collectively "the Underlying Action").

3      4.  CPA Mutual agreed to provide and provided Defendants KLC, Brendan
4  Thompson and Michael Thompson with a defense in the Underlying Action under
5  CPA Mutual Policy Number APLP10396-25, subject to a full and complete
6  reservation of rights.

7      5.  In this action, CPA Mutual seeks the following relief:

8      (a)  A declaratory judgment that CPA Mutual owes no duty to defend
9  KLC in connection with the Underlying Action under Policy Number APLP10396-
10  25;

11      (b)  A declaratory judgment that CPA Mutual owes no duty to defend
12  Brendan Thompson in connection with the Underlying Action under Policy Number
13  APLP10396-25;

14      (c)  A declaratory judgment that CPA Mutual owes no duty to defend
15  Michael Thompson in connection with the Underlying Action under Policy Number
16  APLP10396-25;

17      (d)  Judgment in favor of CPA Mutual that KLC is obligated to
18  reimburse CPA Mutual for all amounts above the ▓▓▓▓ Sub-Limit contained in
19  Policy Number APLP10396-25 that CPA Mutual has paid in or will pay for defense
20  and indemnity on behalf of KLC, Brendan Thompson and/or Michael Thompson in
21  connection with the Underlying Action;

22      (e)  Judgment in favor of CPA Mutual that Brendan Thompson is
23  obligated to reimburse CPA Mutual for all amounts above the ▓▓▓▓ Sub-Limit
24  contained in Policy Number APLP10396-25 that CPA Mutual has paid in or will pay
25  for defense and indemnity on behalf of KLC, Brendan Thompson and/or Michael
26  Thompson in connection with the Underlying Action; and

27      (f)  Judgment in favor of CPA Mutual that Michael Thompson is
28  obligated to reimburse CPA Mutual for all amounts above the ▓▓▓▓ Sub-Limit

1  contained in Policy Number APLP10396-25 that CPA Mutual has paid in or will pay

2  for defense and indemnity on behalf of KLC, Brendan Thompson and/or Michael

3  Thompson in connection with the Underlying Action.

4

5  ## PARTIES

6      6.    CPA Mutual is a corporation organized and existing under the laws of

7  the State of Vermont, with its home office in Burlington, Vermont and a servicing

8  office in Gainesville, Florida.  CPA Mutual is, and was at all times relevant hereto,

9  authorized to conduct business in the State of California.

10     7.    CPA Mutual is informed and believes, and thereon alleges, that

11 Defendant KLC was and is a limited liability partnership organized and existing under

12 the laws of the State of California, and a citizen of California with its principal place

13 of business in Los Angeles, California and another office location in Sherman Oaks,

14 California.  CPA Mutual is informed and believes, and thereon alleges, that KLC was,

15 at times relevant hereto, a Certified Public Accountancy firm providing accounting

16 and related services in the State of California through its partners, all of whom are

17 citizens of California.

18     8.    CPA Mutual is informed and believes, and thereon alleges, that the

19 California entity formerly known and doing business as Kallman + Thompson +

20 Logan LLP is now doing business as Kallman + Logan & Company LLP (again,

21 hereinafter "KLC").

22     9.    CPA Mutual is informed and believes, and thereon alleges, that Brendan

23 Thompson ("Brendan") was, at times relevant hereto, a citizen and resident of the

24 State of California and an employee of KLC and Enfants Riches Deprimes, LLC.

25 CPA Mutual is also informed and believes, and thereon alleges, that Brendan was, at

26 times relevant hereto, an officer, director, representative, agent and/or employee of

27 Enfants Riches Deprimes, LLC.

28

MUSICK, PEELER
& GARRETT LLP

2003257.1                                    4

10.    CPA Mutual is informed and believes, and thereon alleges, that Michael Thompson ("Michael") was, at times relevant hereto, a citizen and resident of the State of California, a Certified Public Accountant licensed by the State of California and a partner in Kallman + Thompson + Logan, LLP.

11.    CPA Mutual is informed and believes, and thereon alleges, that Defendant Alexander Henry Levy ("Levy") was, at times relevant hereto, a citizen and resident of the State of California and the sole owner, principal and/or manager of Enfants Riches Deprimes, LLC.

12.    CPA Mutual is informed and believes, and thereon alleges, that Defendant Enfants Riches Deprimes, LLC ("ERD") was and is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

13.    CPA Mutual is informed and believes, and thereon alleges, that ERD and Levy are necessary parties to this action because they seek damages from KLC, Brendan and Michael in the Underlying Action, and ERD and Levy are potential judgment creditors of CPA Mutual's insureds.

14.    CPA Mutual is informed and believes, and thereon alleges, that ERD and Levy are named as defendants in this lawsuit to enable CPA Mutual to obtain a binding adjudication of its rights, duties and obligations under its Policy Number APLP10396-25 issued to KLC with respect to any sums that may be awarded to ERD and/or Levy on their cross-complaints against KLC, Brendan and/or Michael in the Underlying Action, and to bind all interested parties to the judgment.

## **ALLEGATIONS COMMON TO ALL CLAIMS**

15.    The allegations in Paragraphs 1 through 15 are common to all of CPA Mutual's causes of action and are incorporated into each by reference, as though fully set forth therein.

16.    CPA Mutual is informed and believes, and thereon alleges, that ERD is a fashion label and clothing manufacturer of which Levy is the principal designer and sole owner.  CPA Mutual is further informed and believes, and thereon alleges, that in 2014, ERD engaged Brendan to provide financial planning services for ERD and Levy.

17.    CPA Mutual is informed and believes, and thereon alleges that, at times relevant hereto, Brendan served as an officer of ERD.

18.    CPA Mutual is informed and believes, and thereon alleges that, at certain times, Brendan began working at KLC and his father Michael was consulted regarding potential tax services for ERD.

19.    CPA Mutual is informed and believes, and thereon alleges that:

(a)    Elavon is a financial services company that processes credit card transactions which, at times relevant hereto, included transactions made on behalf of ERD;

(b)    in 2016, Elavon approved an application from ERD that identified Brendan Thompson as the primary contact for ERD;

(c)    in mid-to-late October or November 2017 through February 2018, ERD's credit card transactions increased significantly and American Express asked Elavon about two different credit cards processed through ERD's merchant account with Elavon;

(d)    Brendan provided a series of alternative explanations as to how ERD obtained credit card information regarding other KLC clients and then referred questions to his father Michael;

(e)    Elavon eventually claimed it suffered losses of more than $683,000 resulting from unauthorized credit card charges by Brendan.

20.    CPA Mutual is informed and believes, and thereon alleges, that in April and May 2018, ERD began investigating potential claims against KLC and its employees and that Elavon had made a demand for payment which related to

1 misconduct by KLC and/or Brendan and counsel and that KLC, Michael and/or
2 Brendan had engaged in racketeering activity for which ERD will seek compensatory,
3 exemplary and treble damages.

4       21.    CPA Mutual is informed and believes, and thereon alleges, that in May
5 2018, KLC clients ███████████████████: asserted that Brendan used
6 their credit cards to make purchases for himself and ERD and accessed the Taylors'
7 bank accounts and transferred funds to pay off the credit card balances; and made
8 demands for monetary reimbursement and damages. Ultimately, a settlement was
9 negotiated regarding the ██████ claims ("the Non-Litigated Claim").

10      22.    CPA Mutual is informed and believes, and thereon alleges that on May
11 17, 2018, Bibby Financial Services, Inc. ("Bibby") filed a complaint in an action
12 styled *Bibby Financial Services, Inc. v. Enfants Riches Deprimes, LLC et al.*, Ventura
13 Superior Court case number 56-2018-00511933 ('the Bibby Action") and, on August
14 23, 2018, ERD filed a Cross-Complaint in the Bibby Action against Brendan alleging
15 that Brendan induced Bibby to enter an agreement with ERD so that Brendan could
16 divert fraudulently acquired funds for his own personal use and/or to cover up his
17 prior personal use of ERD funds. Ultimately, a settlement was negotiated regarding
18 the claims asserted in the Bibby Action.

19      23.    KLC, Brendan and/or Michael advised CPA Mutual of the above-
20 described claims and potential claims and tendered them to CPA Mutual for defense
21 and handling on behalf of KLC, Brendan and Michael under the CPA Mutual
22 Accountant's Professional Liability Policy Number APLP10396-25 ("the Policy").

23
24                          **The CPA Mutual Policy**
25      24.    CPA Mutual issued the Policy to the named insured "Kallman +
26 Thompson + Logan LLP" for the policy period January 1, 2018 to January 1, 2019
27 ("the Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.
28

MUSICK, PEELER
& GARRETT LLP

2003257.1

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

## The Policy Limits

25.    The Policy provides limits of liability of $4,000,000 Each **Claim** and $4,000,000 Aggregate, both of which are depleted by CPA Mutual's payment of **Claims Expenses** and **Damages**.  Pursuant to Section III. LIMITS OF LIABILITY, paragraph A. Each **Claim**, '"the limit of our liability for **Damages** and **Claim Expenses** for each **Claim** and all **Interrelated Claims** and for all other amounts payable under this Policy that are expressly made subject to the 'Each **Claim**' limit of liability, shall not exceed the amount stated in Item 3.(a) of the Declarations as 'Each **Claim**'."

## The Policy Sub-Limit of Liability for Certain Claims

26.    Pursuant to section **III. LIMITS OF LIABILITY**, CPA Mutual's duty to defend and pay **Claim Expenses** on behalf of any of **You** for a covered **Claim** "arising from, related to or in connection with the misappropriation, misuse, theft or embezzlement of funds" is subject to a ▇▇▇▇ sub-limit of liability ("the ▇▇▇▇ Sub-Limit").   Section III. C. Sub-Limit of Liability for Certain **Claims** states:

> C. Sub-Limit of Liability for Certain **Claims**
>
> The maximum amount payable by the Company for **Claim Expenses** for each covered **Claim** arising from, related to or in connection with the misappropriation, misuse, theft or embezzlement of funds by any of **You** shall be ▇▇▇▇ in excess of the "Each **Claim**" deductible. This sub-limit of liability shall not apply to payment of any **Damages** resulting from such **Claims**. Payment of **Claim Expenses** under this provision is included within, and not in addition to, the Limits of Liability stated in Item 5 of the Declarations.

27.    In addition. Section III. contains provisions establishing the applicable limit of liability for claims involving multiple insureds, multiple **Claims** and/or multiple claimants. Section III. E. states, in relevant part:

> E. Multiple Insureds, **Claims** and/or Claimants
>
> The applicable limit of liability shown in the Declarations is the most we will pay for **Damages** and **Claim Expenses** arising out of or resulting from an act, error or omission committed by **You** in the rendering of **Professional Services**, regardless of the number of **Claims** or **Interrelated Claims** made, or the number of persons who qualify as **You**, or the number of persons or entities making **Claims**.

If **Interrelated Claims** are made against **You** and reported to us, all such **Interrelated Claims**, whenever made, shall be considered a single **Claim** first made and reported to us when the earliest of the **Interrelated Claims** was first made and reported to us.

### Policy Definitions

28.    Section **I. DEFINITIONS** of the Policy defines the following additional terms shown in bold font in the Coverage Agreements:

**Claim** means a writing received by **You** that. . . alleges an error or omission committed by **You** in the rendering of **Professional Services**. A **Claim** shall include the services of suit, the institution or arbitration or mediation proceedings, or a demand for money or services.

**Claim Expenses** are fees charged by an attorney we designate or consent to represent **You**, and all other fees, costs and expenses resulting from the investigation, adjustment, expert analysis, defense and appeal of a **Claim**, if incurred by us or by **You** with our written consent. . . .

**Damages** are monetary judgments, awards and settlements, provided any settlement is negotiated by or with our assistance and approval. **Damages** also include pre-judgment or post-judgment interest awarded against **You** on such judgments or awards. **Damages** do not include any of the following:

A.    Civil or criminal fines, penalties, sanctions or forfeitures, imposed on **You** whether pursuant to law, statute, regulation or court rule.

B.    Punitive or exemplary amounts, including awards of attorneys' fees and the multiplied portion of multiplied awards on **Claims** otherwise payable under this Policy,

C.    Amounts claimed for the return or reimbursement of fees for **Professional Services.**

D.    Amounts for which **You** are not financially liable or that are without legal recourse to **You**.

E.    Liquidated damages, fees, costs, attorneys' fees, litigation expenses or other amounts payable under any contract or agreement if **You** would not be liable for such amounts if the contract or agreement did not provide for their recovery.

**Interrelated Claims** are all **Claims** and **Incidents** (including any **Regulatory Inquiries**) arising out of the same facts, circumstances, acts, errors or omissions, or arising out of **Interrelated Acts or Omissions** in the rendering of **Professional Services**. **Interrelated Claims** are also **Claims** that have been or may be consolidated in a single lawsuit or arbitration, or for which joint discovery or joint hearings on the merits may be ordered (or may have been ordered had the **Claims** been filed in the same tribunal) as provided by the rules governing any tribunal having jurisdiction over the **Claim**. . . .

**Interrelated Acts** or **Omissions** mean all acts, errors or omissions in the rendering of **Professional Services** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision. **Interrelated Acts or Omissions** are also acts, errors or omissions that: (1) are connected with related client engagements, client financial statements, or client misconduct, errors, or misstatements; or (2) involve the same business failure, financial insolvency or bankruptcy; or (3) involve similar compensatory damages, even if sustained by different parties; or (4) involve the failure to detect knowingly made financial misstatements (including Financial misstatements that derive from improper entries or omitted entries in books or records of account) regardless of whether the methods employed to make such misstatements or to conceal such misstatements vary over time, and whether the failure to detect the misstatements arise from continuing or distinct **Professional Services** provided to the same client or to clients related by common ownership, or common control, or common financial management.

**Named Insured** means the individual or entity named on the Declarations as the **Named Insured**. . . .

**Professional Services** means advice given or services performed of whatsoever nature in the practice of public accountancy (including arbitrator, mediator, notary public, trustee, receiver or executor) undertaken by or on behalf of the **Named Insured**, . . . or any other person or entity for whose conduct the **Named Insured** is legally responsible, so long as the services are not otherwise excluded by this Policy, whether assumed by contract or otherwise, provided always that the fee or portion of the fee, unless the work is pro bono, accruing from such work shall inure to the benefit of the **Named Insured**....

**You** and **Your** means the **Named Insured** . . . and all of the following:

A.    Any person who is or becomes a partner, officer, director, associate or employee of the **Named Insured**, but only for **Professional Services** performed on behalf of the **Named Insured**.

B.    Any person previously affiliated with the **Named Insured** ... as a partner, officer, director, associate or employee, but only for **Professional Services** performed on behalf of the **Named Insured** at the time of such affiliation.

## Policy Exclusions

29.    Section IV. **EXCLUSIONS** states the Policy does not apply to:

C.    Any **Claim** or any portion of any **Claim** based on or arising out of . . . theft, misappropriation, misdirection, malicious activity, sabotage, or other casualty that results in damage to, destruction of, or loss of use of tangible property. . . .

E.    Any **Claim** or any portion of any **Claim** based on or arising out of a dishonest, fraudulent, criminal or malicious act by any of **You**. We

1   shall provide **You** with a defense of such **Claim** unless or until the
2   dishonest, fraudulent, criminal or malicious act has been determined by
    any trial verdict, court ruling, regulatory ruling or legal admission,
    whether appealed or not. Such defense will not waive any of our rights
3   under this Policy. . . .

4   F.      Any **Claim** or any portion of any **Claim** based on or arising out
    of **Professional Services** performed for any entity other than the **Named**
5   **Insured** if, at the time of the acts, errors or omissions giving rise to the
    **Claim, You** ... were an officer, director, partner or manager of such
6   entity or the owner of more than a 10% equity interest in such entity. . .

7   H.      Any **Claim** or any portion of any **Claim** based on or arising out of
    acts, errors or omissions committed in **Your** capacity as any of the
8   following:

9            1.      An officer, director, partner or other member of a governing
    body of an entity, other than the **Named Insured**. . . .

10

11                        **Cyber Liability Endorsement**

12   30.     The Policy contains a Cyber Liability endorsement providing ▉▉▉▉

13   limit per claim for specified types of claims.

14                    **The Brendan Thompson and KLC Lawsuits**

15   31.     On July 25, 2018, Brendan filed a Complaint against ERD, Levy and

16   Terry Libin ("Libin") in the matter styled *Brendan Thompson v. Enfants Riches*

17   *Deprimes, LLC, et al.*, Los Angeles Superior Court Case Number BC715580 ("the

18   Thompson Lawsuit").   A true and correct copy of this Complaint is attached hereto

19   as **Exhibit B**.

20   32.     On December 14, 2018, Brendan filed a First Amended Complaint in the

21   Thompson Lawsuit against ERD, Levy and Libin, alleging eighteen causes of action

22   (including ones for fraud, breach of fiduciary duty, conversion, accounting, breach of

23   contract and others) and seeking compensatory damages and declaratory, injunctive

24   and equitable relief.  A true and correct copy of Brendan's First Amended Complaint

25   is attached hereto as **Exhibit C**.  Brendan alleges claims arising from adverse actions

26   taken by Levy, the Chief Executive Officer of ERD, and Libin against Brendan

27   stemming from his employment relationship with ERD as its Chief Financial Officer.

28   Brendan alleges that he began working for ERD on approximately June 15, 2014, and

1  was terminated without justification on April 23, 2018.  Brendan asserts he was not
2  paid compensation for his work in 2017 and 2018, despite reaching an agreement with
3  Levy regarding an equity ownership in ERD.  He also alleges that the defendants
4  engaged in actual fraud and securities fraud by misrepresenting to him that he would
5  gain an equity share in ERD through his continued work.  Brendan further claims that:
6  erd, Levy and Libin engaged in defamation by publishing statements inferring that he
7  had committed theft and/or fraud; and  Levy began an "illegal course of conduct" in
8  January of 2017, which involved stealing money from friends, family, clients, vendors
9  and various third parties, by authorizing and performing fraudulent credit card
10  transactions.

11       33.    On February 22, 2019, KLC filed a Complaint against Elavon, Inc.
12  ("Elavon"), ERD and Levy in the matter styled *Kallman + Thompson + Logan LLP*
13  *v. Elavon, Inc. et al.*, Los Angeles Superior Court Case Number 19STCV01491 ("the
14  KLC Lawsuit").  A true and correct copy of the KLC Complaint is attached hereto as
15  **Exhibit D**.    In its Complaint, KLC seeks declaratory relief and a judicial
16  determination that Elavon, ERD and Levy had no right to damages from KLC
17  regarding allegedly fraudulent charges and misrepresentations regarding such charges
18  attributed to Michael and/or Brendan.  KLC alleges that Brendan was "employed by
19  ERD throughout the entire period he was employed by Plaintiff [KLC]."  KLC's
20  Complaint alleges that ERD's credit card processing service, Elavon, asserts that
21  fraudulent charges were initiated through ERD's credit card merchant account using
22  misappropriated American Express credit card information.

23       34.    On March 19, 2019, ERD and Levy filed a Cross-Complaint against
24  Brendan in the Thompson Lawsuit and later filed a First Amended Cross-Complaint
25  on March 25, 2019.  A true and correct copy of the ERD and Levy First Amended
26  Cross-Complaint is attached hereto as **Exhibit E**.  In this amended pleading, ERD and
27  Levy asserted causes of action for breach of fiduciary duty, fraud, conversion,
28  accounting, negligence and interference with prospective economic advantage and

alleged various misconduct by Brendan during his tenure with ERD, including that he diverted ERD monies for his personal use and attempted to cover up his conduct by charging ERD's operating expenses to KTL clients' credit cards and took additional actions to conceal his wrongful conduct.

35.    On April 5, 2019, Elavon filed a Cross-Complaint against KLC and Brendan in the KLC Lawsuit, which Cross-Complaint was later amended  on December 11, 2019.  A true and correct copy of the Elavon First Amended Cross-Complaint is attached hereto as **Exhibit F**.  In the First Amended Cross-Complaint, Elavon alleged causes of action for fraud, conversion, unjust enrichment and negligence and claimed that Brendan and KLC interfered with Elavon's right to obtain repayment of monies it reimbursed to American Express for fraudulent credit card charges processed through ERD's merchant account.  Elavon further alleged that Brendan made numerous false written statements to Elavon by presenting misappropriated credit card information to Elavon to be processed through ERD's merchant processing account.

36.    By Order dated June 12, 2019, the judge presiding in the Thompson Lawsuit (the Honorable Gregory Alarcon) deemed the Thompson Lawsuit and the KLC Lawsuit related with the meaning of the relevant California Rules of Court.  A true and correct copy of the Court's June 12, 2019 Order is attached hereto as **Exhibit G**.

37.    On June 14, 2019, ERD and Levy filed a Cross-Complaint against KLC in the KLC Lawsuit and later amended their Cross-Complaint on August 28, 2019 and again on November 1, 2019.  In their Second Amended Cross-Complaint, ERD and Levy allege causes of action for breach of fiduciary duty, fraud, negligence, breach of contract and accounting malpractice. A true and correct copy of the ERD and Levy Second Amended Cross-Complaint is attached hereto as **Exhibit H**.

38.    By Order dated October 16, 2019, Judge Alarcon consolidated the Thompson Lawsuit and the KLC Lawsuit for all purposes.  A true and correct copy of the Court's October 16, 2019 Order is attached hereto as **Exhibit I**.

39.    On January 28, 2020, in response to Elavon's First Amended Cross-Complaint filed in the Thompson Lawsuit, KLC filed a Cross-Complaint seeking indemnity, contribution and declaratory relief against ERD and Levy and alleging that ERD and Levy bear full responsibility for disputed  credit card charges and that Elavon's sole recourse is against ERD and Levy.  A true and correct copy of the Cross-Complaint filed by KLC against ERD and Levy is attached hereto as **Exhibit J**.

40.    On March 9, 2020, in response to ERD's and Levy's Second Amended Cross-Complaint filed in the Thompson Lawsuit, KLC filed a separate Cross-Complaint against ERD and Levy, which  Cross-Complaint was later amended on April 28, 2020.  A true and correct copy of this First Amended Cross-Complaint filed by KLC against ERD and Levy is attached hereto as **Exhibit K**.  In the First Amended Cross-Complaint, KLC asserts claims for conversion, negligence, accounting and equitable indemnity.   KLC alleges that ERD and Levy are seeking to exploit Brendan's status as KLC's employee by claiming that KLC should pay for Brendan's alleged acts despite the fact that Brendan's alleged misconduct occurred in the course and scope of his service as ERD's Chief Financial Officer, Secretary, Treasurer, and *de facto* operations manager.

41.    On February 16, 2022, ERD and Levy filed a Second Amended Cross-Complaint against Brendan in the Thompson Lawsuit, added Michael as a Cross-Defendant and alleged causes of action for breach of fiduciary duty, fraud, conversion, accounting, negligence, and interference with economic advantage.  A true and correct copy of ERD's and Levy's Second Amended Cross-Complaint in the Thomson Lawsuit is attached hereto as **Exhibit L**.

42.    February 16, 2022, ERD and Levy also filed a Third Amended Cross-Complaint against KLC in the KLC Lawsuit, adding Michael as a Cross-Defendant

1   and alleging causes of action for breach of fiduciary duty, fraud, negligence, breach

2   of contract and accounting malpractice.  A true and correct copy of ERD' and Levy's

3   Third Amended Cross-Complaint in the KLC Lawsuit is attached hereto as **Exhibit**

4   **M**.

5   <u>**Settlement Between KLC and Elavon**</u>

6       43.     On June 9, 2021, Elavon, on the one hand, and KLC (formerly KTL) and

7   Brendan, on the other hand, entered into a Confidential Settlement and Release

8   Agreement regarding their allegations against each other in the Underlying Action.

9   ████████████████████████████████████████████

10  ████████████████████████████████████████████

11  ████████████████████████████████████████████

12  ████████

13      44.     By Order dated January 12, 2022, Judge Alarcon determined that the

14  Settlement was entered into in good faith per the provisions of Section 877.6 of the

15  California *Code of Civil Procedure.* ██████████████████████

16  ████████████████████████████████████████████

17  ██████████████

18      45.     On January 20, 2022, Elavon filed its Request for Dismissal, with

19  prejudice, of all claims it had asserted against KLC and/or Brendan in the Underlying

20  Action.

21  <u>**FIRST CLAIM FOR RELIEF**</u>

22  <u>**DECLARATORY RELIEF AGAINST ALL DEFENDANTS**</u>

23  **(No Duty to Defend)**

24      46.     CPA Mutual incorporates by this reference the foregoing allegations as

25  though they were fully set forth herein.

26      47.     An actual controversy presently exists between CPA Mutual and

27  Defendants with respect to whether CPA Mutual owes a duty to defend Defendants

28  KLC, Brendan and/or Michael in connection with the Underlying Action under Policy

MUSICK, PEELER
& GARRETT LLP

Number APLP10396-25.  Specifically, CPA Mutual contends that there is no further potential for coverage under the Policy and, therefore, CPA Mutual owes no duty to defend Defendants KLC, Brendan and/or Michael because:

  (a) the ███████ Sub-Limit of the Policy applies to the **Interrelated Claims** formed by the Underlying Action, the Non-Litigated **Claim** and the Bibby Action, and CPA Mutual has paid defense fees and costs and has paid sums in settlement to claimants in excess of that amount and has no further obligations to KLC, Brendan and/or Michael under the Policy; and

  (b) Brendan engaged in conduct alleged in his capacity as an officer of ERD, CPA Mutual has no further obligations under the Policy regarding claims asserted by ERD and Levy regarding such conduct.

  48. CPA Mutual is informed and believes, and thereon alleges, that Defendants dispute CPA Mutual's coverage position and contend that there is a potential for coverage of damages sought in the Underlying Action under Policy Number APLP10396-25.

  49. CPA Mutual seeks a judicial declaration that there is no further potential for coverage under Policy Number APLP10396-25 for the Underlying Action and that CPA Mutual owes and has owed no duty to defend KLC, Brendan and/or Michael in connection with the Underlying Action as of the date on which the ███████ Sub-Limit was exhausted.

  50. CPA Mutual has no other existing, speedy, accurate, or proper remedy other than that prayed for and no remedy at law, by which the rights and duties of the parties may be adequately determined.

  51. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that CPA Mutual and Defendants may ascertain their respective rights and obligations under Policy Number APLP10396-25. Resolving this dispute will promote judicial economy, avoid unnecessary burden and

expense, and encourage the prompt and expeditious resolution of the insurance coverage issues presented.

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF AGAINST ALL DEFENDANTS
### (No Duty to Indemnify)

52.    CPA Mutual incorporates by this reference the foregoing allegations as though they were fully set forth herein.

53.    An actual controversy presently exists between CPA Mutual and Defendants with respect to whether CPA Mutual owes a duty to indemnify KLC, Brendan and/or Michael in connection with the Underlying Action under Policy Number APLP10396-25. Specifically, CPA Mutual contends that there is no further potential for coverage under the Policy and therefore CPA Mutual owes no duty to indemnify Defendants KLC, Brendan and/or Thompson because:

(a)    the ▮▮▮▮ Sub-Limit of the Policy applies to the Interrelated Claims formed by the Underlying Action and the Non-Litigated **Claim** and the Bibby Action, and CPA Mutual has paid defense fees and costs and had paid sums in settlement to claimants in excess of that amount and has no further obligations to KLC, Brendan and/or Michael under the Policy; and

(b)    Brendan engaged in conduct alleged in his capacity as an officer of ERD and/or while he was an officer of ERD, CPA Mutual has no further obligations to Brendan Thompson under the Policy regarding claims asserted by ERD and Levy against Brendan.

54.    CPA Mutual is informed and believes, and thereon alleges, that Defendants dispute CPA Mutual's coverage position and contend that there is a potential for coverage of damages sought in the Underlying Action under Policy Number APLP10396-25.

55.     CPA Mutual seeks a judicial declaration that there is no potential for coverage under Policy Number APLP10396-25 for the Underlying Action and that CPA Mutual owes, and has owed, no duty to indemnify KLC, Brendan and/or Michael in connection with the Underlying Action as of the date on which the ███████ Sub-Limit was exhausted.

56.     CPA Mutual has no other existing, speedy, accurate, or proper remedy other than that prayed for and no remedy at law, by which the rights and duties of the parties may be adequately determined.

57.     A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that CPA Mutual and Defendants may ascertain their respective rights and obligations under Policy Number APLP10396-25. Resolving this dispute will promote judicial economy, avoid unnecessary burden and expense, and encourage the prompt and expeditious resolution of the insurance coverage issues presented.

## THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANTS KLC, BRENDAN THOMPSON
## AND MICHAEL THOMPSON
### (For Reimbursement)

58.     CPA Mutual incorporates by this reference the foregoing allegations as though they were fully set forth herein.

59.     CPA Mutual agreed to defend KLC, Brendan and Michael in connection with the Underlying Action, the Non-Litigated **Claim** and the Bibby Claim under Policy Number APLP10396-25, subject to a full and complete reservation of rights under the Policy and applicable law, and has paid settlement amounts and defense fees and costs on behalf of KLC, Brendan and Michael in defense of the **Interrelated Claims**.

60.    The Underlying Action remains pending and CPA Mutual is informed and believes, and thereon alleges, that additional monies will be expended by CPA Mutual on behalf of KLC, Brendan and Michael in connection with defense of the **Interrelated Claims** and indemnity of damages sought in the Underlying Action.

61.    CPA Mutual expressly reserved its rights to recover amounts paid in connection with KLC's, Brendan's and Michael's defense in the **Interrelated Claims**, including but not limited to the Underlying Action as well as any amounts paid as indemnity (if any) on the ground that such defense and indemnity amounts are not covered and/or were excluded under the Policy and/or were in excess of the ▓▓▓▓ Sub-Limit.

62.    As alleged above, there is no further potential for coverage under the Policy for the **Interrelated Claims**, and CPA Mutual owes no duty to defend or indemnify KLC, Brendan and/or Michael in connection with the Underlying Action for any sums in excess of the ▓▓▓▓ Sub-Limit because the ▓▓▓▓ Sub-Limit of the Policy applies and CPA Mutual has paid indemnity and defense costs in excess of that amount.    Specifically, CPA Mutual is therefore entitled to recovery or reimbursement: from KLC and Brendan for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; and from KLC, Brendan and Michael for all amounts CPA Mutual has paid or will pay to or on behalf of KLC, Brendan and/or Michael in connection with the Underlying Action in excess of the ▓▓▓▓ Sub-Limit, according to proof.

## **PRAYER**

WHEREFORE, Plaintiff now prays for judgment in its favor and against Defendants as follows:

1.    **As to All Claims for Relief (Interrelated Claims):**    A declaratory judgment that the **Claims** asserted in the Underlying Action are **Interrelated Claims** to which the ▓▓▓▓ Sub-Limit applies.

MUSICK, PEELER
& GARRETT LLP

2.    **As to All Claims for Relief (Interrelated Claims):**    A declaratory judgment that the **Claims** asserted in the Underlying Action and the Non-Litigated Claim are **Interrelated Claims** to which the ▮▮▮▮ Sub-Limit applies.

3.    **As to All Claims for Relief (Interrelated Claims):**    A declaratory judgment that the **Claims** asserted in the Underlying Action, the Non-Litigated Claim and the Bibby Action are **Interrelated Claims** to which the ▮▮▮▮ Sub-Limit applies.

4.    **As to the First Claim for Relief for Declaratory Relief (No Duty to Defend):** A declaratory judgment that CPA Mutual has owed no duty to defend KLC in the Underlying Action after the ▮▮▮▮ Sub-Limit was exhausted, and has no present duty to defend KLC in the Underlying Action.

5.    **As to the First Claim for Relief for Declaratory Relief (No Duty to Defend):** A declaratory judgment that CPA Mutual owed no duty to defend Brendan Thompson in the Underlying Action after the ▮▮▮▮ Sub-Limit was exhausted, and has no present duty to defend KLC in the Underlying Action.

6.    **As to the First Claim for Relief for Declaratory Relief (No Duty to Defend):** A declaratory judgment that CPA Mutual owed no duty to defend Michael Thompson in the Underlying Action after the ▮▮▮▮ Sub-Limit was exhausted, and has no present duty to defend KLC in the Underlying Action.

7.    **As to the Second Claim for Relief for Declaratory Relief (No Duty to Indemnify):**    A declaratory judgment that CPA Mutual has owed no duty to indemnify KLC in the Underlying Action after the ▮▮▮▮ Sub-Limit was exhausted, and has no present duty to indemnify KLC in the Underlying Action.

8.    **As to the Second Claim for Relief for Declaratory Relief (No Duty to Indemnify):** A declaratory judgment that CPA Mutual owed no duty to indemnify Brendan Thompson in the Underlying Action after the ▮▮▮▮ Sub-Limit was exhausted, and has no present duty to indemnify Brendan Thompson in the Underlying Action.

1    9.    **As to the Second Claim for Relief for Declaratory Relief (No Duty to**
2    **Indemnify)**:  A declaratory judgment that CPA Mutual owed no duty to indemnify
3    Michael Thompson in the Underlying Action after the ███████ Sub-Limit was
4    exhausted, and has no present duty to indemnify Michael Thompson in the Underlying
5    Action

6    10.    **As to the Third Claim for Relief for Reimbursement**:
7          (a)    Judgment in favor of CPA Mutual that KLC is obligated to
8    reimburse CPA Mutual for: (i) ████████████████████████████
9    ████████████████; and (ii) any and all defense fees and costs CPA Mutual
10   has paid or will pay in connection with the Underlying Action in excess of the
11   ███████ Sub-Limit;

12         (b)    Damages according to proof; and
13         (c)    Prejudgment interest.

14   11.    **As to the Third Claim for Relief for Reimbursement**:
15         (a)    Judgment in favor of CPA Mutual that Brendan Thompson is
16   obligated to reimburse CPA Mutual for: (i) ████████████████████████
17   ████████████████████ and (ii) any and all defense fees and costs
18   CPA Mutual has paid or will pay in connection with the Underlying Action in excess
19   of the ███████ Sub-Limit;

20         (b)    Damages according to proof; and
21         (c)    Prejudgment interest.

22   12.    **As to the Third Claim for Relief for Reimbursement**:
23         (a)    Judgment in favor of CPA Mutual that Michael Thompson is
24   obligated to reimburse CPA Mutual for: (i) ████████████████████████
25   ████████████████████ and (ii) any and all defense fees and costs
26   CPA Mutual has paid or will pay in connection with the Underlying Action in excess
27   of the ███████ Sub-Limit;

28         (b)    Damages according to proof; and

1           (c)     Prejudgment interest.

2      13.     **As to all Causes of Action**:

3           (a)     For costs of suit incurred herein;

4           (b)     For such other and further relief as the Court deems appropriate.

5

6  DATED: September 19, 2022       MUSICK, PEELER & GARRETT LLP

7

8

9                     By:    _*David A. Tartaglio*_

10                          David A. Tartaglio

                            Attorneys for Plaintiff

11                          CPA MUTUAL INSURANCE

                          COMPANY OF AMERICA RISK

12                          RETENTION GROUP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

1

## **JURY DEMAND**

2      Plaintiff demands a trial by jury on all triable issues of fact which are properly

3  submitted to a jury for resolution.

4

5  DATED:  September 19, 2022         MUSICK, PEELER & GARRETT LLP

6

7

8                        By:  *David A. Tartaglio*

9                            David A. Tartaglio

10                         Attorneys for Plaintiff
CPA MUTUAL INSURANCE
COMPANY OF AMERICA RISK
RETENTION GROUP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

2003257.1

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT